OPINION
{¶ 1} Tammy Sharrock, the natural mother of Brianna Darnell appeals a judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, which terminated her parental rights and placed Brianna in the permanent custody of the Licking County Department of Job and Family Services for purposes of adoption. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT'S ORDER GRANTING PERMANENT CUSTODY TO THE AGENCY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} The record indicates on April 10, 2003, JFS filed a complaint alleging Brianna is a dependent child. The court awarded shelter care custody to JFS. On June 26, 2003, the court held an adjudicatory hearing, and found the child is dependent. Brianna was placed in the temporary custody of JFS. On February 5, 2004, the court extended the grant of temporary custody for six months; and on October 4, 2004, the court again extended the grant of temporary custody for six months.
 {¶ 4} On February 2, 2005, JFS filed its motion for permanent custody. The court conducted a hearing on the matter on April 18, 2005, and September 12, 2005. The magistrate to whom the matter had been referred filed his decision on January 10, 2005, and the court adopted the decision.
 {¶ 5} The court found Brianna, who was 7 years old at the time of the hearing, had been in placement outside her parents' custody for the vast majority of the prior 29 months. For a brief period, Brianna had been placed with her father and his wife, but the placement was unsuccessful. The father is not a party to this appeal. The court found appellant has been inconsistent in complying with the case plan objectives. She had completed the parenting class, but did not demonstrate she had incorporated any of the lessons into her interactions with Brianna. Appellant is a convicted registered sex offender and at the time of the hearing was living with her boyfriend and her boyfriend's father. At the time of the hearing, the boyfriend was subject to certain outstanding arrest warrants. JFS was concerned about alcohol abuse and possible drugs in the home. Appellant was not concerned about her boyfriend's drug habits, except she felt he should refrain from doing drugs around the children.
 {¶ 6} Appellant had missed 15 out 44 scheduled visits with the child. At one point, appellant was entitled to unsupervised visits, but JFS determined appellant was exposing the child to inappropriate places and behaviors. JFS also attempted to schedule the visits at the home of the father and step-mother, but appellant was unable to control her anger and her conduct, and the visits had to be stopped. In December of 2004, appellant became angry and hostile, and discontinued all contact with JFS and the child. She had not visited with Brianna since December of 2004, and had no contact with her social worker since March of 2005. At the time of the hearing, appellant was not engaged in addressing the concerns which led to the removal of the child, or pursuing the case plan objectives. Appellant was not engaged in counseling or taking her medication to treat her bio-polar disorder. Appellant was not addressing any anger management issues.
 {¶ 7} The court found when Brianna originally came into JFS custody, she was an extremely difficult child. Her foster mother testified Brianna was "just plain miserable". She was described as defiant, destructive, and violent. Her behaviors have begun to improve since she was placed with JFS, and she is in counseling. The court found Brianna needed to make more significant progress through direct supervision lest she harm herself, animals, or small children. The court found Brianna required intensive supervision which neither parent had the ability to provide. Brianna had begun to bond with the foster family and to improve because of the consistency and structure in the foster home.
 {¶ 8} The court found despite efforts by JFS to promote the parents' involvement, neither parent had initiated any activities with Brianna and had made no efforts to involve themselves with her. The court found the only means by which Brianna could have an appropriate home environment to allow her to develop to her fullest potential is by awarding permanent custody to JFS for adoption. The court found this would be in Brianna's best interest. Brianna had expressed a desire to live with her father, but the court found she is too young to express any compelling opinion.
 {¶ 9} The court concluded JFS had made reasonable efforts to prevent the removal of the child, and to prevent her continued removal. The court found JFS has a length history of involvement with the family and had made an abundance of services available to the parents over a period of many months and years. The court found neither parent was willing or able to continue meeting their obligations as parents.
 {¶ 10} The court found pursuant to R.C. 2151.414 (D), continuing residence of the child in the home in the custody of a parent would be contrary to her best interest. The court found there were no known viable relative placement options.
 {¶ 11} The court found pursuant to R.C. 2151.414(E), the child cannot be placed with either parent within a reasonable time and should not be placed with either parent. The court found the parents had failed continuously and repeatedly to substantially remedy the conditions which led to removal despite more than reasonable efforts by JFS to assist in remedying the conditions.
 {¶ 12} Appellant argues the court's decision is against the manifest weight of the evidence. In determining whether a ruling is against the manifest weight of the evidence, we may not weigh the evidence or judge the credibility of witnesses, In Re:Zurfley/Chatman/Black Children (February 13, 2006), Stark App. No. 2005-CA-00216, 2006-Ohio-683. Our role is to determine whether there is sufficient competent and credible evidence supporting the award of permanent custody, C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578.
 {¶ 13} In ruling on a motion for permanent custody, the trial court must take a two step approach. First, the court must find whether any factors of R.C. 2151.414(B) are present: (a) the child is not abandoned or orphaned and has not been in the temporary custody of one or more public children service agencies or private child placing agencies for 12 or more months for a consecutive 22 month period, and the child cannot be placed with either of the child's parents within a reasonable time, or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children service agencies or private child placing agencies for 12 or more months of a consecutive 22 month period.
 {¶ 14} If a trial court finds one of the above factors apply, then it must determine whether a grant of permanent custody is in the best interest of the child. R.C. 2151.414(B) lists relevant factors the court should consider: (1) the interaction and interrelationship with the child with the parents, siblings, relatives, foster care givers, and out of home providers, and any other person who may significantly effect the child; (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child including whether the child has been in the temporary custody of one or more public children's services agencies or private child placing agencies for 12 or more months in a consecutive 22 month period; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency * * *
 {¶ 15} The trial court heard testimony from appellant, the child's father, appellant's mental health counselor, the child's foster mother, a social worker who worked with the family, the parent education coordinator from JFS, and a friend of the child's father. The court received a report from the guardian ad litem as well as numerous exhibits from appellant, the child's father, and JFS.
 {¶ 16} We have reviewed the record, and we find the trial court's decision is supported by sufficient, competent, and credible evidence entitling the court to find by clear and convincing evidence that despite JFS's reasonable efforts, the parents had both demonstrated they were unwilling and unable to provide for Brianna's needs. There is sufficient and competent credible evidence demonstrating Brianna cannot be placed with either of the parents within a reasonable time and should not be placed with them. There is sufficient and competent credible evidence demonstrating an award of permanent custody is in Brianna's best interest.
 {¶ 17} The assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed. Costs to appellant.